# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 7999 | DATE | 4/1/2003 |
| CASE TITLE | MCImetro Access Transmission Servs. v. Illinois Commerce Commission, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's motion for voluntary dismissal

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, MCI's motion for voluntary dismissal [31-1] is DENIED in its entirety.

(11) ■ [For further detail see attached memorandum opinion and order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | APR 0 4 2003 | |
| | Notified counsel by telephone. | | date docketed | 37 |
| ✓ | Docketing to mail notices. | | APR 04 2003 | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| mds(lc) | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MCIMETRO ACCESS TRANSMISSION SERVICES, INC. (an MCI WorldCom Company)<br><br>Plaintiff,<br><br>v.<br><br>ILLINOIS COMMERCE COMMISSION; KEVIN WRIGHT, TERRY S. HARVILL, RUTH K. KRETSCHMER, MARY FRANCES SQUIRES, and EDWARD C. HURLEY, Commissioners of the Illinois Commerce Commission in their official capacities; and ILLINOIS BELL TELEPHONE COMPANY d/b/a Ameritech Illinois, AMERITECH SERVICES, INC. and AMERITECH INFORMATION INDUSTRY SERVICES,<br><br>Defendants | No. 99 C 7999<br><br>HONORABLE DAVID H. COAR<br><br>**DOCKETED**<br><br>APR 0 4 2003 |

### MEMORANDUM OPINION AND ORDER

Before this Court is Plaintiff MCImetro Access Transmission Services, Inc.'s ("MCI") motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a). For the following reasons, this Court DENIES MCI's motion to dismiss without prejudice in its entirety.

### Discussion

MCI challenges a September 22, 1999 Order of the Illinois Commerce Commission (the "Commission") interpreting and enforcing an interconnection agreement into which MCI and Ameritech entered pursuant to section 252 of the federal Telecommunications Act of 1996 (the

-1-



"Act"). MCI filed a three-count amended complaint; Counts I and II allege that the Commission's Order violates federal law and Count III alleges that the Order violates Illinois law.

On February 24, 2000, the Court granted the Commission's motion to hold this case in abeyance pending relevant Seventh Circuit decisions, and on April 11, 2001, the Court granted an additional abeyance pending the Supreme Court's resolution of Mathias v. WorldCom Technologies, Inc., 535 U.S. 682 (2002). Because the Supreme Court reviewed the same issues Mathias raised in Verizon Maryland, Inc. v. Public Services Commission of Maryland, 534 U.S. 1072 (2002), the Court dismissed the writ in Mathias as improvidently granted. Mathias, 535 U.S. at 682. In Verizon Maryland, the Supreme Court held that federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve claims that state commission decisions interpreting and enforcing interconnection agreements violate the Act. The Supreme Court did not decide expressly whether the Act's judicial review provision, 47 U.S.C. § 252(e)(6), provides federal courts with jurisdiction to review those types of state commission decisions, as the Seventh Circuit has held in Illinois Bell v. WorldCom Technologies, 179 F.3d 566 (7th Cir. 1999). Rather, the Supreme Court held that § 252(e)(6) does not divest federal courts of the jurisdiction conferred by 28 U.S.C. § 1331.

In light of the Supreme Court's decision in Verizon Maryland, MCI seeks to dismiss this case in its entirety without prejudice so that it can pursue the parallel appeal it filed in the Illinois Appellate Court. MCI argues that dismissal without prejudice is appropriate in this case because the case is in its earliest stages, and neither Ameritech nor the Commission will suffer any prejudice if this case is dismissed without prejudice. Ameritech, however, opposes MCI's motion for voluntary dismissal in part. Namely, Ameritech opposes that this Court grant dismissal without prejudice of Claims I and II (the federal claims) because in Illinois Bell, the Seventh Circuit expressly stated that "every time a carrier complains about a state agency's action concerning an agreement, it must start

-2-

in federal court (to find out whether there has been a violation of federal law) and then may move to state court if the first suit yields the answer 'no.'" 179 F.3d at 574.

It is well established that dismissal of a complaint under Rule 41(a)(2) is within this Court's sound discretion. Tyco Labs., Inc. v. Koppers Co., Inc., 627 F.2d 54, 56 (7th Cir. 1980). While MCI argues that this case is in the earliest stages, it has been stayed for two years and both Ameritech and the Commission already have filed answers. Further, this Court has exclusive jurisdiction over the federal claims in this case and, as the Illinois Bell court noted, a carrier "must start in federal court." Thus, if MCI wishes to proceed with its federal claims, it should do so now. If, on the other hand, MCI would rather proceed in state court on the state claims only, the federal claims should be dismissed. This Court will only dismiss the federal claims in this case with prejudice. Because MCI voluntarily moved for dismissal on the condition that it is without prejudice, the Court DENIES MCI's motion in its entirety.

## Conclusion

For the foregoing reasons, MCI's motion for voluntary dismissal [31-1] is DENIED.

**Enter:**

_____
David H. Coar
United States District Judge

**Dated: April 1, 2003**